UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CECILE BLACKWOOD,

    Plaintiff,

v.                                                           CASE NO.: 4:17-CV-49-JHM

ALLY FINANCIAL INC,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, CECILE BLACKWOOD, by and through the undersigned counsel, and sues Defendant, ALLY FINANCIAL INC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like ALLY FINANCIAL INC from invading American citizen's privacy and to prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably

intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Grayson County, Kentucky. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

2

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Kentucky, residing in Grayson County, Kentucky.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, ALLY FINANCIAL INC, is a corporation which was formed in Delaware with its principal place of business located at 500 Woodward Avenue 10th Floor Detroit, Michigan 48226 and which conducts business in the State of Kentucky through its registered agent, C T Corporation System, located at 306 West Main Street Suite 512 Frankfort, Kentucky 40601.

11. On or about October, 2016, Plaintiff revoked her consent to be called by ALLY FINANCIAL INC by requesting that the calls stop. Specifically stating "Please stop calling me, it's against the law to call people on Sunday, I'm at church please stop calling." Each call ALLY FINANCIAL INC made to Plaintiff's cell phone after said revocation was done so without the "expressed permission" of the Plaintiff and in violation of the TCPA.

12. Despite Plaintiff informing Defendant to stop calling the Defendant's autodialer calls to Plaintiff's cellular phone continued after October, 2016. Between September, 2016 and December, 2016, Plaintiff made a non-exclusive log of sixty (60) calls he received from the Defendant. Due to the volume and time period over which she

received automated calls, Plaintiff was not able to properly catalogue each and every call from the defendant, however attached hereto as Exhibit A is a small sampling.

13. Plaintiff estimates approximately one hundred (100) calls to her cell phone post-revocation.

14. The autodialer calls from Defendant came from telephone numbers including but not limited to (855) 599-5575, (888) 803-3174, (888) 856-3174, (888) 673-8400, (888) 673-8490, (888) 611-6904, (855) 856-2559, (888) 925-2559 and when those numbers are called a pre-recorded voice or agent answers and identifies the numbers as belonging to ALLY FINANCIAL INC.

15. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff cellular telephone number up to two (2) times a day from approximately October, 2016 through the filling of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

16. ALLY FINANCIAL INC called Plaintiff approximately one hundred (100) times since revocation in October, 2016, in an attempt to collect a debt.

17. Upon information and belief, some or all of the calls ALLY FINANCIAL INC made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify

that her knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from ALLY FINANCIAL INC.

18. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (270) ***-0867, and was the called party and recipient of Defendant's calls.

19. Beginning on or about September, 2016, ALLY FINANCIAL INC began bombarding Plaintiff's cellular telephone (270) ***-0867 in an attempt to collect on a car loan.

20. ALLY FINANCIAL INC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

21. ALLY FINANCIAL INC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or ALLY FINANCIAL INC, to remove the number.

22. ALLY FINANCIAL INC's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to ALLY FINANCIAL INC they do not wish to be called.

23. ALLY FINANCIAL INC has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

24. ALLY FINANCIAL INC has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

25. ALLY FINANCIAL INC has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

26. ALLY FINANCIAL INC's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from ALLY FINANCIAL INC call list.

27. ALLY FINANCIAL INC has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

28. Not one of ALLY FINANCIAL INC's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

29. ALLY FINANCIAL INC willfully and/or knowingly violated the TCPA with respect to Plaintiff.

30. From each and every call placed without express consent by ALLY FINANCIAL INC to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

31. From each and every call without express consent placed by ALLY FINANCIAL INC to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from ALLY FINANCIAL INC call.

32. From each and every call placed without express consent by ALLY FINANCIAL INC to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

33. Each and every call placed without express consent by ALLY FINANCIAL INC to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

34. Each and every call placed without express consent by ALLY FINANCIAL INC to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

35. Each and every call placed without express consent by ALLY FINANCIAL INC to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

36. Each and every call placed without express consent by ALLY FINANCIAL INC to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

37. As a result of the answered and unanswered calls described above, Plaintiff suffered an invasion of privacy; Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Due to both answered and unanswered calls, Plaintiff suffered the expenditure of Plaintiff's time, exhaustion of Plaintiff's cellular telephone battery, unavailability of Plaintiff's cellular telephone while ringing, waste of Plaintiff's time, causing risk of personal injury due to distraction and trespass upon Plaintiff's chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from the Plaintiff through the use of automated/predictive dialing technology.

## COUNT I
### (Violation of the TCPA)

38. Plaintiff fully incorporates and realleges paragraphs one (1) through thirty seven (37) as if fully set forth herein.

39. ALLY FINANCIAL INC willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified ALLY FINANCIAL INC that Plaintiff wished for the calls to stop

40. ALLY FINANCIAL INC repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or

prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ALLY FINANCIAL INC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Amy Ferrera, Esquire*
Amy Ferrera, Esquire
Florida Bar #: 15313
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 559-4846
amferrera@forthepeople.com
amoore2@forthepeople.com
*Counsel for Plaintiff*